IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID BRYON THOMPSON, | § | |
|     Petitioner, | § | |
| v. | § | No. 3:17-cv-2875-G (BT) |
| | § | |
| DARIN J. HARMON, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner David Thompson, a federal inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be dismissed.

I.

Petitioner is incarcerated at Seagoville Federal Correctional Institution ("FCI-Seagoville"). Respondent Darin J. Harmon is the warden at FCI Seagoville. By this action, Petitioner challenges Respondent's decision to close a courtyard in the prison. He states the courtyard was closed "after being open for over 30 years, with no justifiable reason beign (sic) given for the closure." (ECF No. 3 at 5.) Petitioner claims the courtyard's closure resulted in a lack of space for inmates to play chess or

cards, or relax outside of their cells. He seeks an order to reopen the courtyard.

The Court initially construed the petition as a civil rights complaint under 42 U.S.C. § 1983. However, Petitioner objected to his petition being construed under § 1983 and argued that his petition is properly filed under § 2241. (ECF No. 5.) The Court therefore construes this petition as arising under § 2241.

II.

Petitioner's claim challenges the conditions of his confinement and is not cognizable under 28 U.S.C. § 2241. A claim that challenges unconstitutional conditions of confinement or prison procedures is properly brought as a civil rights action under 42 U.S.C. § 1983. *See Warren v. Miles,* 230 F.3d 688, 694 (5th Cir. 2000) (stating a § 2241 petition is used to challenge the way a sentence is executed); *Spencer v. Bragg*, 310 Fed. Appx. 678, 679 (5th Cir. 2009) (per curiam) (citing *Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir. 1997) (stating that where a prisoner attacks the conditions of confinement, and a finding in his favor will not affect the timing of his release from custody, his claims arise under § 1983). Here, Petitioner challenges the conditions of his confinement, and a ruling in his favor would not affect the timing of his

release from custody. The Court therefore recommends that the petition be dismissed.

### III.

The Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be dismissed.

Signed September 19, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

3